## IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED

TYEESHA LASHAYE MARTIN,    )

2006 NOV 17 P 2: 14

    Plaintiff,    )

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

v.    )    CASE NO.: 2:06-CV-1031-WKW

NAPHCARE, INC.; MARC Q. SONNIER;    )
JAMES DELONG; BARBARA GAIL    )
WALTERS; EDDIE NAGLE;    )
C.I. HADLEY; DONAL CAMPBELL;    )
et al.,    )
    )
    Defendants.    )

## JOINDER IN NOTICE OF REMOVAL BY
### EDDIE NAGLE, C.I. HADLEY, AND DONAL CAMPBELL

**COME NOW, Eddie Nagle, C.I. Hadley, and Donal Campbell**, the defendants in the

above-entitled action, and joins in and consents to the removal of this action by defendants,

Naphcare, Inc., Marc Q. Sonnier, James DeLong, and Barbara Gail Walters, from the Circuit

Court of Montgomery County, Alabama, to the United States District Court for the Middle

District of Alabama, Northern Division. As for their Joinder In Notice of Removal, these

defendants show unto the Court as follows:

1.    On October 2, 2006, an action was commenced against Naphcare, Inc., Marc Q.

Sonnier, James DeLong, Barbara Gail Walters, Eddie Nagle, C.I. Hadley, Donal Campbell, and

fictitious defendants A-S by the filing of a Complaint in the Circuit Court of Montgomery

County, Alabama, entitled "Tyeesha Lashaye Martin as Personal Representative of the Estate of

Kenneth Earl Garlington, Deceased v. Naphcare, Inc., et al.," Civil Action No.: CV-06-2563.

(See Plaintiff's Complaint, attached hereto as "Exhibit A"). The Summons and Complaint was

first served on a defendant, C.I. Hadley, on or about October 18, 2006. In the Complaint,

plaintiff alleges that the defendants violated the deceased inmate, Kenneth Earl Garlington's, rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution and further, plaintiff claims violations of express provisions of 42 U.S.C. § 1983. (Plaintiff's Complaint, Counts I-III). Plaintiff also alleges state law claims under the Alabama Medical Liability Act against defendants Naphcare, Inc., Marc Q. Sonnier, James DeLong, Barbara Gail Walters, and/or fictitious defendants A-G. (Plaintiff's Complaint, Count IV).

2.    Defendants' desire to exercise their rights under the provisions of Title 28 U.S.C. § 1441 to remove this action from the Circuit Court of Montgomery County, Alabama, in which said action is now pending under the above-styled title.

3.    This is a civil action of which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. § 1331 and principles of supplemental jurisdiction under 28 U.S.C. § 1367 which affords the right to remove the entire case to this Court.

**WHEREFORE, PREMISES CONSIDERED,** defendants **Eddie Nagle, C.I. Hadley, and Donal Campbell,** respectfully file this their Joinder In Notice of Removal pursuant to 28 U.S.C. § 1446, removing this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted on this _17th_ day of November, 2006.

Respectfully submitted,

Neal P. Conner
Middle District ID Number: CONN2024
Attorney for Defendants
Alabama Department of Corrections
101 South Union Street
P.O. Box 301501
Montgomery, Alabama 36130-1501
Phone: (334) 353-3890
Email: Neal.Conner@doc.alabama.gov

- 2 -

### CERTIFICATE OF SERVICE

I hereby certify that on the ___17th___ day of November, 2006, I hereby certify that I have served a copy of the foregong by placing a copy of same in the United States mail, postage prepaid and properly addressed to the last known address as follows:

Julian P. Hardy, Jr., Esq.
Madison W. O'Kelley, Jr., Esq.
Pritchard McCall & Jones
505 North 20th Street
800 Financial Center
Birmingham, Alabama  35203

Celeste P. Holpp
Norman, Wood, Kendrick & Turner
Financial Center - Suite 1600
505 20th Street North
Birmingham, Alabama  35203

Of Counsel

# "EXHIBIT A"

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 NOV 17 P 2: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| TYEESHA LASHAYE MARTIN, as | ) | |
| Personal Representative of the Estate | ) | |
| of Kenneth Earl Garlington, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:06-CV-1031-WKW |
| | ) | |
| NAPHCARE, INC.; MARC Q. SONNIER; | ) | |
| JAMES DELONG; BARBARA GAIL | ) | |
| WALTERS; EDDIE NAGLE; | ) | |
| C.I. HADLEY; DONAL CAMPBELL; | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

**COME NOW** defendants, **Naphcare, Inc., Marc Q. Sonnier, James DeLong, and Barbara Gail Walters**, and give notice, with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As for their Notice of Removal, defendants show unto the Court as follows:

1.      On October 2, 2006, an action was commenced against Naphcare, Inc., Marc Q. Sonnier, James DeLong, Barbara Gail Walters, Eddie Nagle, C.I. Hadley, Donal Campbell, and fictitious defendants A-S by the filing of a Complaint in the Circuit Court of Montgomery County, Alabama, entitled "Tyeesha Lashaye Martin as Personal Representative of the Estate of Kenneth Earl Garlington, Deceased v. Naphcare, Inc., et al.," Civil Action No.: CV-06-2563. (See Plaintiff's Complaint, attached hereto as "Exhibit A"). The Summons and Complaint was first served on a defendant, C.I. Hadley, on or about October 18, 2006. In the Complaint,

plaintiff alleges that the defendants violated the deceased inmate, Kenneth Earl Garlington's, rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution and further, plaintiff claims violations of express provisions of 42 U.S.C. § 1983. (Plaintiff's Complaint, Counts I-III). Plaintiff also alleges state law claims under the Alabama Medical Liability Act against defendants Naphcare, Inc., Marc Q. Sonnier, James DeLong, Barbara Gail Walters, and/or fictitious defendants A-G. (Plaintiff's Complaint, Count IV).

2.      Defendants' desire to exercise their rights under the provisions of Title 28 U.S.C. § 1441 to remove this action from the Circuit Court of Montgomery County, Alabama, in which said action is now pending under the above-styled title.

3.      This is a civil action of which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. § 1331 and principles of supplemental jurisdiction under 28 U.S.C. § 1367 which affords the right to remove the entire case to this Court.

**WHEREFORE, PREMISES CONSIDERED,** defendants Naphcare, Inc., Marc Q. Sonnier, James DeLong, and Barbara Gail Walters, respectfully file this Notice of Removal pursuant to 28 U.S.C. § 1446, removing this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted on this 16th day of November, 2006.

Celeste P. Holpp - POT014
Attorney for Defendants
Naphcare, Inc., Marc Q. Sonnier, James
DeLong, and Barbara Gail Walters

- 2 -

Of Counsel:

NORMAN, WOOD, KENDRICK & TURNER
Financial Center - Suite 1600
505 20th Street North
Birmingham, Alabama  35203
Tele:  (205) 328-6643
Fax:   (205) 251-5479
Email:  cholpp@nwkt.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all counsel of record by placing a copy of same in the U.S. mail, postage prepaid and properly addressed on this the 16th day of November, 2006, as follows:

Julian P. Hardy, Jr., Esq.
Madison W. O'Kelley, Jr., Esq.
Pritchard McCall & Jones
505 North 20th Street
800 Financial Center
Birmingham, Alabama  35203

Neal Conner, Esq.
Alabama Department of Corrections
101 South Union Street
P.O. Box 301501
Montgomery, Alabama  36130-1501

_____
Celeste P. Holpp

# SUMMONS
## - CIVIL -

Case Number

_CV-06-2563_

IN THE ___CIRCUIT COURT___ OF ___MONTGOMERY___ COUNTY

| | |
|---|---|
| Plaintiff | Tyeesha Lashaye Martin, as Personal Representative of the Estate of Kenneth Earl Garlington, deceased |

**v.**  Defendants Napcare, Inc.; Marc Q. Sonnier; James Delong, et al.

NOTICE TO ___Napcare, Inc., c/o Statutory Agent Alex M. Goldsmith, 950 22nd Street North, SUITE 825, Birmingham, Alabama 35203___

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY ___Julian P.  Hardy, Jr. or Madison W. O'Kelley, Jr.___ WHOSE ADDRESS IS ___800 Financial Center, 505 North 20th Street,  Birmingham, Alabama 35203___ Phone:  (205) 328-9190

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO any SHERIFF or any PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☒ Service by certified mail of this summons is initiated upon the written request of ___Plaintiff___ pursuant to the Alabama Rules of Civil Procedure.

Date___10/17/06___     _Melissa Rittenour_     By: _K_

Clerk/Register

☒ Certified Mail is hereby requested.     _San Hardy_

Plaintiff's Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
(Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ _____ in _____ County,

Alabama on _____.
(Date)

_____     _____
Date                              Server's Signature

_____
Address of Server

_____
Type of Process Server

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### CIVIL ACTION NO.: _CV-06-2663_

TYEESHA LASHAYE MARTIN, as Personal Representative of the Estate of Kenneth
Earl Garlington, deceased,

    Plaintiff,

v.

NAPHCARE, INC. a corporation; MARC Q. SONNIER; JAMES DELONG;
BARBARA GAIL WALTERS; EDDIE NAGLE, individually and as Warden of
Elmore Correctional Center; C.I. HADLEY, individually and as Warden of Elmore
Correctional Center; DONAL CAMPBELL, individually and as Commissioner of the
Alabama Department of Corrections; A, whether singular or plural, that hospital, clinic,
corporation, partnership or other health care facility or organization which undertook to
provide medical services to Kenneth Earl Garlington on the occasion(s) made the basis of
this suit, the deliberate indifference, negligence, breach of contract and/or other
actionable conduct of which contributed to cause his injuries and death; B, whether
singular or plural, that entity which undertook to provide medical-diagnostic,
rehabilitative, technical or therapeutic services to Kenneth Earl Garlington on the
occasion(s) made the basis of this suit, the deliberate indifference, negligence, breach of
contract or other actionable conduct of which contributed to cause his injuries and death;
C, whether singular or plural, that medical partnership, professional corporation or
professional association which undertook to provide services to Kenneth Earl Garlington
on the occasion(s) made the basis of this suit, the deliberate indifference, negligence,
breach of contract or other actionable conduct of which contributed to cause his injuries
and death; D, whether singular or plural, that a person who is owner, stockholder, partner,
associate, employee or agent of any of the parties described above in A through D,
inclusive, who undertook to provide any health care or related services to Kenneth Earl
Garlington on the occasion(s) made the basis of this suit, the deliberate indifference,
negligence, breach of contract or other actionable conduct of which contributed to cause
his injuries and death; E, whether singular or plural, that physician (including an intern,
resident or fellow) who undertook to provide medical services to Kenneth Earl
Garlington on the occasion(s) made the basis of this suit, the deliberate indifference,
negligence, breach of contract or other actionable conduct of which contributed to cause
his injuries and death; F, whether singular or plural, that license, registered or practical
nurse who undertook to provide medical services to Kenneth Earl Garlington on the on
the occasion(s) made the basis of this suit, the deliberate indifference, negligence, breach
of contract or other actionable conduct of which contributed to cause his injuries and
death; G, whether singular or plural, that medical services, therapist, technician or worker
who undertook to provide medical services to Kenneth Earl Garlington on the occasion(s)
made the basis of this suit, the deliberate indifference, negligence, breach of contract or
other actionable conduct of which or contributed to cause his injuries and death; H,
whether singular or plural, that physician, nurse and/or health care worker who on the

occasion(s) made the basis of this suit had knowledge that a physical examination of Kenneth Earl Garlington had revealed a right upper paratrachel mass, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death; I, whether singular or plural, that physician, nurse and/or health care worker who on the occasion(s) made the basis of this suit had knowledge that a CAT scan revealed that Kenneth Earl Garlington had a right paratrachel mass with enlarged adjacent nodes; J, whether singular or plural, that physician, nurse and/or health care worker who after CAT scan was performed on Kenneth Earl Garlington on or about January 3, 2003 was responsible for obtaining a pulmonary consultation, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death; K, whether singular or plural that physician, nurse and/or health care worker, who after discovery that Kenneth Earl Garlington had a right of paratrachel mass with enlarged adjacent nodes, was responsible for obtaining or performing a biopsy, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death; L, whether singular or plural, that physician, nurse and/or health care worker who was responsible for referring Kenneth Earl Garlington to an oncologist after his cancer was discovered, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death; M, whether singular or plural, that individual who on the occasion(s) made this basis of this suit, served as Commissioner of the Alabama Department of Corrections, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause Kenneth Earl Garlington's injuries and death; N, whether singular or plural, that person(s) who on the occasion(s) made the basis of this suit, served as Warden, prison official, correctional officer and/or employee of the Alabama Department of Corrections at Elmore Correctional Center and/or Staton Correction Facility, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause Kenneth Earl Garlington's injuries and death; O, whether singular or plural, that physician, nurse, health care worker who on the occasion(s) made the basis of this suit was employed by NaphCare, Inc., the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause Kenneth Earl Garlington's injuries and death; P, whether singular or plural, that person or entity which was contractually obligated to perform health services at Elmore Correctional Center on the occasion(s) made this basis of this suit, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause Kenneth Earl Garlington's injuries and death; Q, whether singular or plural, that person or entity, which, concerning the occasion(s) made this basis of this suit, was the principal of any of the named or above described fictitious party defendants; R, whether singular or plural, that person or entity which is successor-in-interest of the named or above described fictitious party defendants; and S, whether singular or plural, that entity other than those described above, the negligence, breach of contract or other actionable conduct of which contributed to cause the injuries to and death of Kenneth Earl Garlington. Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff at this time, their identities as proper party defendants are not known to

2

the Plaintiff at this time, but that their true names will be submitted by amendment when the aforesaid lacking knowledge is ascertained,

Defendants.

## COMPLAINT

COMES NOW the plaintiff in the above styled cause and sets forth this her Complaint:

## PARTIES

1.  Tyeesha Lashaye Martin is an adult resident of Houston County, Alabama. On August 21, 2006, she was duly appointed  personal representative of the estate of her deceased father, Kenneth Earl Garlington, by the Probate Court of Houston County, Alabama. Kenneth Earl Garlington (hereinafter referred to as "the decedent") died on or about December 28, 2004.

2.  During December 2002 and the first six months of 2003, the decedent was an inmate of the State of Alabama Department of Corrections, incarcerated at the Elmore Correctional Center in Elmore County, Alabama. At that time the decedent was 42 years of age and in good health except as otherwise described herein.

3.  Defendant NaphCare, Inc., is a corporation organized and existing under the laws of the State of Alabama. At all times pertinent to this complaint, Defendant NaphCare, Inc., maintained its principal corporate office in the City of Birmingham, Jefferson County, Alabama.

4. Prior to the decedent's death, Defendant NaphCare, Inc. entered into a contract with the State of Alabama and/or the Alabama Department of Corrections under which it became obligated to provide medical care to inmates incarcerated by the Alabama Department of Corrections, including those incarcerated at Elmore Correctional

3

Center. This contractual obligation was in full force and effect in December 2002 and the first six months of 2003.

5. Defendant Marc Q. Sonnier, an adult resident citizen of Alabama, is a licensed medical physician and was at all times pertinent to the this complaint practicing medicine in the State of Alabama, employed by Defendant NaphCare, Inc., and serving as Medical Director at NaphCare's medical facility located at Staton Correctional Facility, which serviced inmates at Elmore Correctional Center.

6. Defendant James Delong, an adult resident citizen of Alabama, is a licensed medical physician and was at all times pertinent to this complaint employed by Defendant NaphCare, Inc. as its Corporate Medical Director.

7. Defendant Barbara Gail Walters, an adult resident citizen of Alabama, is a registered nurse and was at all times pertinent to this complaint employed by Defendant NaphCare, Inc. at its medical facility located at Staton Correctional Facility, serving as NaphCare's Health Services Administrator and/or Director of Nursing.

8. Defendants Eddie Nagle and C.I. Hadley are adult resident citizens of the State of Alabama and were at all times pertinent to this complaint serving as wardens of Elmore Correctional Center.

9. Defendant Donal Campbell is an adult resident citizen of the State of Alabama and at all times pertinent to this complaint served as Commissioner of the Alabama Department of Corrections.

10. At all times pertinent to this complaint, defendants Eddie Nagle, C.I. Hadley and Donal Campbell were responsible for the care of inmates at Elmore Correctional Center.

4

11. Defendants A, B, C, etc., whose correct names and identities as proper party defendants are unknown to plaintiff, but will be correctly named and identified when ascertained, are the respective entities who or which fit the descriptions below.

A, whether singular or plural, that hospital, clinic, corporation, partnership or other health care facility or organization which undertook to provide medical services to Kenneth Earl Garlington on the occasion(s) made the basis of this suit, the deliberate indifference, negligence, breach of contract and/or other actionable conduct of which contributed to cause his injuries and death;

B, whether singular or plural, that entity which undertook to provide medical-diagnostic, rehabilitative, technical or therapeutic services to Kenneth Earl Garlington on the occasion(s) made the basis of this suit, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death;

C, whether singular or plural, that medical partnership, professional corporation or professional association which undertook to provide services to Kenneth Earl Garlington on the occasion(s) made the basis of this suit, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death;

D, whether singular or plural, that a person who is owner, stockholder, partner, associate, employee or agent of any of the parties described above in A through D, inclusive, who undertook to provide any health care or related services to Kenneth Earl Garlington on the occasion(s) made the basis of this suit, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death;

E, whether singular or plural, that physician (including an intern, resident or fellow) who undertook to provide medical services to Kenneth Earl Garlington on the occasion(s) made the basis of this suit, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death;

F, whether singular or plural, that license, registered or practical nurse who undertook to provide medical services to Kenneth Earl Garlington on the on the occasion(s) made the basis of this suit, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death;

G, whether singular or plural, that medical services, therapist, technician or worker who undertook to provide medical services to Kenneth Earl Garlington on the occasion(s) made the basis of this suit, the deliberate indifference, negligence, breach of contract or other actionable conduct of which or contributed to cause his injuries and death;

H, whether singular or plural, that physician, nurse and/or health care worker who on the occasion(s) made the basis of this suit had knowledge that a physical examination of Kenneth Earl Garlington had revealed a right upper paratrachel mass, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death;

5

I, whether singular or plural, that physician, nurse and/or health care worker who on the occasion(s) made the basis of this suit had knowledge that a CAT scan revealed that Kenneth Earl Garlington had a right paratrachel mass with enlarged adjacent nodes;

J, whether singular or plural, that physician, nurse and/or health care worker who after CAT scan was performed on Kenneth Earl Garlington on or about January 3, 2003 was responsible for obtaining a pulmonary consultation, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death;

K, whether singular or plural that physician, nurse and/or health care worker, who after discovery that Kenneth Earl Garlington had a right of paratrachel mass with enlarged adjacent nodes, was responsible for obtaining or performing a biopsy, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death;

L, whether singular or plural, that physician, nurse and/or health care worker who was responsible for referring Kenneth Earl Garlington to an oncologist after his cancer was discovered, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause his injuries and death;

M, whether singular or plural, that individual who on the occasion(s) made this basis of this suit, served as Commissioner of the Alabama Department of Corrections, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause Kenneth Earl Garlington's injuries and death;

N, whether singular or plural, that person(s) who on the occasion(s) made the basis of this suit, served as Warden, prison official, correctional officer and/or employee of the Alabama Department of Corrections at Elmore Correctional Center and/or Staton Correction Facility, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause Kenneth Earl Garlington's injuries and death;

O, whether singular or plural, that physician, nurse, health care worker who on the occasion(s) made the basis of this suit was employed by NaphCare, Inc., the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause Kenneth Earl Garlington's injuries and death;

P, whether singular or plural, that person or entity which was contractually obligated to perform health services at Elmore Correctional Center on the occasion(s) made this basis of this suit, the deliberate indifference, negligence, breach of contract or other actionable conduct of which contributed to cause Kenneth Earl Garlington's injuries and death;

Q, whether singular or plural, that person or entity, which, concerning the occasion(s) made this basis of this suit, was the principal of any of the named or above described fictitious party defendants;

R, whether singular or plural, that person or entity which is successor-in-interest of the named or above described fictitious party defendants; and

6

S, whether singular or plural, that entity other than those described above, the negligence, breach of contract or other actionable conduct of which contributed to cause the injuries to and death of Kenneth Earl Garlington.

During December 2002 and throughout the first six months of 2003, the above described fictitious party defendants proximately caused or contributed to cause the decedent's death as later described herein through negligence and/or wanton misconduct, deliberate indifference, breach of standard of care, breach of contract and/or other conduct for which remedy lies.

## FACTUAL BACKGROUND

12. On December 2, 2002, while the decedent was imprisoned at Elmore Correctional Center, a physical examination revealed that the decedent had a right upper paratrachel mass. A CAT scan was delayed, and when performed on January 3, 2003, revealed a 3.5 x 3.9 cm right paratrachel mass with enlarged adjacent nodes. A pulmonary consultation was delayed until April 3, 2003. When obtained on or about that date, the consultation resulted in a recommendation that a biopsy be performed of the decedent's right cervical node. A biopsy was delayed, and when performed on June 10, 2003, revealed cancer cells of the lung. Referral to an oncologist was delayed until July 23, 2003. At or about that time chemotherapy treatments were finally commenced.

13. Throughout the seven and one-half month period of time described immediately above, decedent consistently and continually requested medical attention, diagnosis, pain medication, biopsy and treatment. However, his requests were denied and/or ignored and/or unreasonably delayed by the defendants.

14. The decedent died from the cancerous condition described above on or about December 28, 2004.

15. Each of the defendants, including the fictitious defendants, separately and severally, deprived the decedent of his constitutional rights under the 8th and 14th Amendments to the Constitution of the United States, in that the decedent was denied equal protection of the law, deprived of life, liberty and property without due process of law, and was subjected to cruel and unusual punishment. These deprivations were committed by the defendants, separately and severally, with deliberate indifference.

COUNT ONE

(CLAIM UNDER 24 U.S.C. §1983 AGAINST MARC Q. SONNIER, JAMES DELONG, BARBARA GAIL WALTERS AND/OR THE FICTITIOUS DEFENDANTS, SEPARATELY AND SEVERALLY)

16. Plaintiff adopts and realleges all prior paragraphs of this complaint as if fully set out herein.

17. The decedent, while incarcerated at Elmore Correctional Center, suffered a very serious medical condition which required immediate treatment.

18. Defendants Marc Q. Sonnier, James Delong, Barbara Gail Walters and the fictitious defendants, separately and severally, acting under color of state law, had knowledge and/or should have had knowledge of the decedent's serious medical condition. With reckless disregard of that condition these defendants failed to treat the decedent and/or unreasonably delayed treatment of him for this condition thereby showing deliberate indifference to the decedent's serious medical needs in violation of the 8th and 14th Amendments to the United States Constitution.

19. The above described actions and inactions were committed under color of state law, with deliberate indifference, proximately resulting in the death of the decedent.

8

WHEREFORE, premises considered, plaintiff demands judgment against defendants Marc Q. Sonnier, James Delong, Barbara Gail Walters and/or the fictitious defendants, separately and severally, for compensatory and punitive damages, in amounts to be determined by a struck jury, plus interest and costs.

## COUNT TWO

### (CLAIM UNDER 24 U.S.C. § 1983 AGAINST DEFENDANT NAPHCARE, INC. AND/OR THE FICTITIOUS DEFENDANTS, SEPARATELY AND SEVERALLY)

20. Plaintiff adopts and realleges all prior paragraphs of this complaint as if fully set out herein.

21. The decedent was shown deliberate indifference with respect to his very serious medical needs by Defendant NaphCare, Inc., whose employees, acting pursuant to NaphCare's official custom and policy, failed and refused to provide the decedent with medical care, adequate or otherwise, even though they knew the decedent was seriously ill and need of immediate medical attention. As a proximate result of said deliberate indifference, the decedent died.

22. Defendant NaphCare, Inc. had a duty to insure the decedent was provided adequate medical care while he was incarcerated at Elmore Medical Center.

23. Defendant NaphCare, Inc. knew it must train its employees and develop appropriate policies and procedures with respect to providing adequate medical care at Elmore Correctional Center. With such knowledge, Defendant NaphCare, Inc. failed to adequately train its personnel and failed to promulgate and develop adequate policies and procedures with respect to adequate medical care for prisoners, including the decedent. The failures constitute deliberate indifference to the decedent's rights under the 8th and 14th Amendments to the United States Constitution.

9

24. Defendant NaphCare, Inc. maintained a custom and policy of providing inadequate medical care to inmates at Elmore Correctional Center. Defendant NaphCare, Inc. also maintained a custom and policy delaying and/or failing and/or refusing to provide medical care for inmates until the inmates reached a level of illness which was unreasonably dangerous. These customs and policies were deliberately indifferent to the decedent's rights under the 8th and 14th Amendments to the United States Constitution, resulted in deprivation of the decedent's constitutional rights, and proximately caused his death.

WHEREFORE, premises considered, plaintiff demands judgment against Defendant NaphCare, Inc. and/or the fictitious defendants, separately and severally, for compensatory and punitive damages, in amounts to be determined by a struck jury plus interests and costs.

## COUNT THREE

### (CLAIM UNDER 42 U.S.C. § 1983 AGAINST EDDIE NAGLE, INDIVIDUALLY AND AS WARDEN OF ELMORE CORRECTIONAL CENTER, C.I. HADLEY, INDIVIDUALLY AND AS WARDEN OF ELMORE CORRECTIONAL CENTER, DONAL CAMPBELL, INDIVIDUALLY AND AS COMMISSIONER OF THE ALABAMA DEPARTMENT OF CORRECTIONS AND/OR THE FICTITIOUS DEFENDANTS, SEPARATELY AND SEVERALLY)

25. Plaintiff adopts and realleges all prior paragraphs of this complaint as if fully set out herein.

26. At all times pertinent to this Complaint, Defendants Eddie Nagle and C.I. Hadley, as Wardens of Elmore Correctional Center and Defendant Donal Campbell, as Commissioner of the Alabama Department of Corrections, had a duty to insure that the decedent and other similarly situated inmates were provided with adequate care while incarcerated at Elmore Correctional Center.

10

27. Defendants Eddie Nagle, individually and as Warden of Elmore Correctional Center, C.I. Hadley individually and as Warden of Elmore Correctional Center, Donal Campbell, individually and as Commissioner of the Alabama Department of Corrections, and/or the fictitious defendants, separately and severally, are liable to plaintiff under provisions 42 U.S.C. §1983 because they failed to adequately develop, implement and/or administer policies and procedures reasonably designed to provide adequate medical care for the decedent and other similarly situated prisoners while they were incarcerated at Elmore Correctional Center. The said defendants further violated that statute by failing to adequately supervise or train the correctional officers and staff with respect to providing adequate medical care and with respect to recognizing serious medical conditions suffered by inmates, reporting the same, and obtaining treatment therefore.

28. The failures and inadequacies, actions and inactions described above were the result of deliberate indifference of Eddie Nagle and C.I. Hadley, individually and as Wardens of Elmore Correctional Center and Donal Campbell, individually and as Commissioner of the Alabama Department of Corrections.

29. The above described violations were committed under color of state law, with deliberate indifference, and proximately resulted in the death of the decedent.

WHEREFORE, premises considered, plaintiff demands judgment against Defendants Eddie Nagle, individually and as Warden of Elmore Correctional Center, C.I. Hadley, individually and as Warden of Elmore Correctional Center, Donal Campbell, individually and as Commissioner of the Alabama Department of Corrections and/or the fictitious defendants, separately and severally, for compensatory and punitive damages, in amounts to be determined by a struck jury, plus interest and costs.

11

## COUNT FOUR

**(CLAIM UNDER THE ALABAMA MEDICAL LIABILITY ACT AGAINST
DEFENDANTS NAPHCARE, INC., MARC Q. SONNIER, JAMES DELONG,
BARBARA GAIL WALTERS AND/OR THE FICTITIOUS DEFENDANTS,
SEPARATELY AND SEVERALLY)**

30. Plaintiff adopts and realleges all prior paragraphs of this complaint as if fully set out herein.

31. Defendants NaphCare, Inc., Marc Q. Sonnier, James Delong, Barbara Gail Walters and/or fictitious defendants, separately and severally, in and about their care and treatment of the decedent, were required to exhibit that degree of care, skill and diligence used by health care providers generally, and/or that degree of reasonable care, skill and diligence as similarly situated healthcare providers in the same lines of practice ordinarily exercised in like cases.

32. At all times pertinent to this complaint, Defendant NaphCare, Inc. employed or otherwise had under its control as agents or servants, physicians, nurses and technicians and was at all times pertinent to this Complaint responsible for damages resulting from their negligence pursuant to the doctrines of respondeant superior and/or parent authority and/or ostensible authority and/or estoppel.

33. While the decedent was an inmate at Elmore Correctional Center during December 2002 and January, February, March, April, May and June 2003, Defendants NaphCare, Inc., Marc Q. Sonnier, James Delong, Barbara Gail Walters and/or one or more of the fictitious defendants, separately and severally, negligently provided medical services to the decedent and negligently breached acceptable standards of care. Defendant NaphCare, Inc. is vicariously liable to the plaintiff.

12

34. At the time of rendering treatment to the decedent, said defendants, including the fictitious defendants, separately and severally, were negligent and breached acceptable standards of care in each of the following respects:

    a) By failing to appropriately and/or timely diagnose the very serious medical condition suffered by the decedent;

    b) By failing to appropriately and/or timely order or perform diagnostic testing of the very serious medical condition suffered by the decedent;

    c) By failing to appropriately and/or timely treat the decedent for the cancer which he suffered;

    d) By failing to evaluate the decedent in an appropriate and timely fashion;

    e) By failing to appropriately and/or timely perform and/or obtain a CAT scan after physical examination revealed the decedent had a paratrachel mass;

    f) By failing to appropriately and/or timely obtain a pulmonary consultation after discovery of the paratrachel mass with enlarged adjacent nodes;

    g) By failing to appropriately and/or timely perform or obtain performance of a biopsy;

    h) By failing to appropriately and/or timely refer the decedent to an oncologist;

    i) By failing to appropriately and/or timely commence chemotherapy treatment upon the decedent;

    j) By failing to appropriately and/or timely direct or seek hospitalization of the decedent;

    k) By failing to assess and/or evaluate the decedent in an appropriate and timely fashion;

    l) By failing to adhere to policies and procedures of NaphCare, Inc. and/or the Alabama Department of Corrections;

m) By failing to promulgate and place in force and effect appropriate policies and procedures; and

n) By failing to monitor the decedent in an appropriate and/or timely fashion.

35. All of the above described acts were performed negligently, in an addition to specific acts of negligence said defendants failed to comply with standards of care required of them under the circumstances as existed under the previously alleged facts.

36. As a proximate result of the above described negligent conduct of said defendants, the decedent died.

WHEREFORE, premises considered, plaintiff demands judgment against Defendants NaphCare, Inc., Marc Q. Sonnier, James Delong, Barbara Gail Walters and/or the fictitious defendants, separately or severally, for punitive damages, in an amount to be determined by a struck jury, plus interest and costs.

_____
Julian P. Hardy, Jr. (HAR012)


_____
Madison W. O'Kelley, Jr. (OKE001)

Attorneys for Plaintiff


Of Counsel:
Pritchard McCall & Jones
505 North 20th Street
800 Financial Center
Birmingham, Alabama 35203
205-328-9190
205-458-0035 facsimile

14

## JURY DEMAND

Plaintiff hereby demands a struck jury for the trial of this cause.

Of Counsel

PLAINTIFF'S ADDRESS:
Tyeesha Lashaye Martin
c/o  Pritchard, McCall & Jones, L.L.C.
800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605


DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:
NaphCare, Inc.
c/o Statutory Agent
Alex M. Goldsmith
950 22nd Street North, Suite 825
Birmingham, Alabama 35203

Marc Q. Sonnier
10010 Merwin Court
Mobile, Alabama 36995

James Delong
1159 Riverchase Parkway West
Hoover, Alabama 35244

Barbara Gail Walters
550 Racetrack Road
Wetumpka, Alabama 36092

Eddie Nagle, individually and as
Warden of Elmore Correctional Center
217 Park Place
Pleasant Grove, Alabama 35127

C.I. Hadley, individually and as
Warden of Elmore Correctional Center
Red Eagle Honor Farm
1290 Red Eagle Road
Montgomery, Alabama 36110

15

Donal Campbell, individually and as
Commissioner of the Alabama Department of Corrections
152 East Harbor Drive
Hendersonville, Tennessee 37075

16