IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYEESHA LASHAYE MARTIN, as Personal Representative of the Estate of Kenneth Earl Garlington, Deceased,  )<br>)<br>)<br>) | |
| Plaintiff,  ) | |
| )<br>v.  )<br>) | CASE NO. 2:06-cv-01031-WKW |
| NAPHCARE, INC., et al.,  )<br>) | |
| Defendants.  ) | |

## **ORDER**

This case is before the court on the defendants' Answers to the recently removed complaint. Defendants Naphcare, Inc., Marc Q. Sonnier, James DeLong, and Barbara Gail Walters's Answer (Doc. # 4) contains ten defenses and no numerical paragraphs referencing the complaint. Instead, the defendants make a wholesale denial of the complaint. In the "First Defense," they "plead the general issue and say that they are not guilty of the matters alleged in the Complaint." In the "Second Defense," they "plead the general issue and say that the allegations of the Complaint are not true." The "Fifth Defense" states, "As to the Complaint, these defendants deny each and every material allegation of the plaintiff's Complaint and specifically deny that the plaintiff is entitled to recover damages from these defendants." Most of the remaining defenses are legitimate affirmative defenses under the Federal Rules of Civil Procedure.

Defendants Eddie Nagle, C. I. Hadley, and Donal Campbell (and perhaps other defendants who are state agents) filed a similar Answer (Doc. # 1). These defendants "deny all material allegations alleged in plaintiff's Complaint and demand strict proof thereof;" "plead the general

denial and demand strict proof thereof;" and "are not guilty of the material matters averred in plaintiff's Complaint and demand strict proof thereof."

These Answers are insufficient under Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that denials "fairly meet the substance of the averments denied." Although Rule 8(b) permits a defendant to controvert all of the averments with a general denial, he must do so in good faith and subject to the obligations set forth in Rule 11. The court finds it highly unlikely that the defendants intended to deny all of the allegations, especially those related to relevant but undisputed dates and places, the identity and relationship of parties, venue, and those that would support this court's jurisdiction, which the defendants consented to by removing the action to this federal court. Therefore, it is ORDERED that the defendants shall file amended answers **on or before November 30, 2006,** which more fully comply with the dictates of Rule 8.

DONE this 22nd day of November, 2006.

       /s/  W. Keith Watkins
       UNITED STATES DISTRICT JUDGE