**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| TYEESHA LASHAYE MARTIN, as Personal Representative of the Estate of Kenneth Earl Garlington, Deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>NAPHCARE, INC.; MARC Q. SONNIER; JAMES DELONG; BARBARA GAIL WALTERS; EDDIE NAGLE; C.I. HADLEY; DONAL CAMPBELL; et al., )<br><br>Defendants. ) | CASE NO. 2:06-cv-01031-WKW |

## AMENDED ANSWER

**COME NOW**, the defendants, **Naphcare, Inc., Mark Q. Sonnier, James DeLong, and Barbara Gail Walters**, and amend their Answer to include the following in Answer to the plaintiff's Complaint:

Defendants reassert and reaffirm their previously filed Answer and incorporate the same herein by reference, as if fully restated herein, as to each averment in plaintiff's Complaint.

1.  As to Paragraph 1, these defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

2.  As to Paragraph 2, these defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

3.  These defendants admit Paragraph 3.

4.  These defendants admit Paragraph 4.

5.  These defendants admit Paragraph 5.

6. These defendants admit Paragraph 6.

7. These defendants admit Paragraph 7.

8. These defendants admit Paragraph 8.

9. These defendants admit Paragraph 9.

10. As to Paragraph 10, these defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

11. As to Paragraph 11, these defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

12. These defendants do not have access to Mr. Garlington's medical records and are without sufficient information to admit or deny the allegations of Paragraph 12 and therefore deny the same.

13. These defendants do not have access to Mr. Garlington's medical records and are without sufficient information to admit or deny the allegations of Paragraph 13 that Mr. Garlington consistently and continually requested medical attention, diagnosis, pain medication, biopsy, and treatment throughout the seven and one-half period of time described in plaintiff's Complaint, and therefore deny the same. These defendants deny the allegation that they denied, ignored, and/or unreasonably delayed Mr. Garlington's request.

14. These defendants do not have access to Mr. Garlington's medical records and are without sufficient information to admit or deny the allegations of Paragraph 14 and therefore deny the same.

15. These defendants deny the allegations of Paragraph 15.

16. These defendants adopt and re-allege all prior admissions and denials of this Answer as if fully set out herein.

17. These defendants do not have access to Mr. Garlington's medical records and are without sufficient information to admit or deny the allegations of Paragraph 17 and therefore deny the same.

18. These defendants do not have access to Mr. Garlington's medical records and are without sufficient information to admit or deny the allegation that these defendants and the fictitious defendants, separately and severally, acting under color of state law, had knowledge and/or should have had knowledge of the decedent's alleged serious medical condition. These defendants deny that they recklessly disregarded Mr. Garlington's alleged serious medical condition or failed to treat Mr. Garlington or unreasonably delayed treatment to Mr. Garlington as to amount to deliberate indifference to Mr. Garlington's serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

19. These defendants deny the allegations of Paragraph 19.

20. These defendants adopt and re-allege all prior admissions and denials of this Answer as if fully set out herein..

21. These defendants deny the allegations of Paragraph 21.

22. These defendants admit they had a duty to provide inmates incarcerated at Elmore Medical Center with adequate medical care.

23. These defendants admit the allegation that Naphcare, Inc. knew it must train its employees and develop appropriate policies and procedures with respect to providing adequate medical care at Elmore Correctional Center. These defendants deny the remaining allegations of Paragraph 23.

24. These defendants deny the allegations of Paragraph 24.

25. These defendants adopt and re-allege all prior admissions and denials of this Answer as if fully set out herein..

26. The allegations of Paragraphs 26-29 are not directed toward these defendants and require no response. These defendants are without sufficient information to admit or deny the allegations of Paragraph 26 and therefore deny the same.

27. These defendants are without sufficient information to admit or deny the allegations of Paragraph 27 and therefore deny the same.

28. These defendants are without sufficient information to admit or deny the allegations of Paragraph 28 and therefore deny the same.

29. These defendants are without sufficient information to admit or deny the allegations of Paragraph 29 and therefore deny the same.

30. These defendants adopt and re-allege all prior admissions and denials of this Answer as if fully set out herein.

31. These defendants admit the allegations of Paragraph 31.

32. The defendant, Naphcare, Inc. admits it employed agents or employees, such as physicians and nurses, at all times pertinent to the plaintiff's Complaint. These defendants deny that they were negligent as required to impute liability on Naphcare, Inc. for any of their actions and/or omissions. Defendants further deny any basis of liability under theories of parent authority, ostensible authority, and/or estoppel.

33. These defendants deny the allegations of Paragraph 33.

34. These defendants deny the allegations of Paragraph 34.

35. These defendants deny the allegations of Paragraph 35.

36. These defendants deny the allegations of Paragraph 36.

        Respectfully submitted,

        s/ Celeste Holpp
        Celeste P. Holpp
        Bar Number:  ASB-0013-A50C
        Attorney for Defendants
        Norman, Wood, Kendrick & Turner
        Financial Center – Suite 1600
        505 20th Street North
        Birmingham, Alabama  35203
        Phone: (205) 328-6643
        Fax:  (205) 251-5479
        Direct Dial:  (205) 259-1035
        Email:  cholpp@nwkt.com

### **CERTIFICATE OF SERVICE**

    I hereby certify that on the 30th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  neal.conner@doc.alabama.gov; path@PM-J.com; and madisono@pm-j.com.

        s/ Celeste P. Holpp
        Norman, Wood, Kendrick & Turner
        Financial Center – Suite 1600
        505 20th Street North
        Birmingham, AL  35203
        Phone:  (205) 328-6643
        Fax:  (205) 251-5479
        Direct Dial:  (205) 259-1035
        Email:  cholpp@nwkt.com